UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:12cr445-8

        Plaintiffs

  v.  MEMORANDUM OPINION
AND ORDER

Eliza A. Perez,

        Defendants

Defendant Eliza Perez has moved this court to grant her a reduction in sentence under 18 U.S.C. § 3582(c)(2) (Docs. 643, 648, and 688). The government opposed (Doc. 692), and Defendant had the last word (Doc. 695). Because I am convinced I have authority to grant such a reduction under these circumstances and believe such a reduction is warranted here, Defendant's motion is granted.

On February 21, 2014, I conducted Ms. Perez's sentencing hearing. For advisory guideline purposes, I first set Ms. Perez's base offense level for her count of conviction at 32. After appropriate offensive-level reductions agreed to by the parties, and determining Ms. Perez's criminal history, I set the net offense level at 27 and her criminal history at Level III, resulting in an advisory guideline sentencing range of 87 to 108 months.

I then heard argument from the parties to assist me in determining the correct sentence in her case, and then considered those arguments, the defendant's statement at her sentencing, as well as all the factors set forth in 18 U.S.C. § 3553(a). Based primarily on the harm to her because of her destructive and abusive childhood, her strong willingness to express responsibility for her actions, the sentences of other defendants whom I had sentenced in this case, and her heroic recent efforts

at recovery from her addictions, I varied downward from the advisory guideline range and imposed a sentence of 60 months of incarceration.

Because of Congress's passage of 18 U.S.C. § 3582(c)(2), Ms. Perez now argues she is entitled to a reduction of her sentence because this law lowers the base offense level for her crime by two points, making her final, adjusted advisory guideline range 70 to 87 months, down from 87 to 108 months. Accordingly, she argues, since I varied downward 31% from her prior guideline range in imposing a 60 month sentence, I ought to resentence her to 47 months, the same 31% reduction from the new, lowered guideline range of 70 to 87 months.

Ms. Perez is not eligible, the government objects, because a "defendant is not eligible for a sentencing reduction if she earlier received a sentence that was at or below the bottom of the now-amended guideline range, other than due to substantial assistance." For support for this argument, the government relies upon *United States v. Thompson*, 714 F.3d 946 (6th Cir. 2013). But *Thompson* provides me with little guidance in this case, as it is easily distinguished.

In *Thompson*, the defendant moved the trial court for a reduction in his sentence based upon an adjustment to the sentencing guidelines to account for the broad disparity between crack cocaine and powder cocaine sentences. Complicating Mr. Thompson's request was his status at sentencing as a career offender, and the district court's reliance on the applicable guidelines for such a career offender, ultimately not on the crack cocaine guidelines. In affirming the trial court's denial of Thompson's motion, the Circuit Court observed:

> Because the amendment in question has no effect on the ultimate sentencing range imposed on Thompson under the career offender guidelines, the district court did not err in declining to grant his § 3582(c)(2) motion. Furthermore, the district court's original calculation of Thompson's sentencing range under the crack cocaine guidelines does not change the outcome. Thompson's status as a career offender essentially trumped the range established under the crack cocaine guidelines. As a result, Thompson's sentence was not "based on" the crack cocaine guidelines.

*Id.* at 950 (citations omitted).

In Ms. Perez's case, my sentence was certainly based on the applicable drug guidelines at issue in her request for this reduction.  Accordingly, I believe I have authority to grant her request in this case.

For the reasons reviewed here and for which I originally granted Ms. Perez a downward variance, my sentence ought now to reflect an appropriate reduction for the mitigating circumstances present and recognized at her prior sentencing.  Accordingly, Ms. Perez's guideline range is adjusted to a total net offense level of 25, making her advisory guideline range 70 to 87 months.  In accordance with the reasoning stated in my prior sentence, she will be granted a proportional downward variance to a sentence of 47 months.

For the reasons stated above, Defendant's motion for reduction of her sentence is granted and her sentence is reduced from 60 months to 47 months.  Defendant's Motion for Ruling on Motion for Sentence Reduction (Doc. 732) is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge